UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:06-0733 |
| ] | Judge Echols/Brown |
| STATE OF TENNESSEE, et al. ] | |
|     Respondents. ] | |

To: Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By an order (Docket Entry No. 28) entered November 2, 2007, the Court referred this action to the Magistrate Judge " for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.J. ".

Presently before the Court are respondent's Motion to Dismiss (Docket Entry No. 26) and petitioner's Objection to the Dismissal Motion (Docket Entry No. 27). The undersigned has reviewed these pleadings and the record in this case and recommends, for the reasons stated below, that the respondent's Motion to Dismiss should be granted and that this action be dismissed.

### I. BACKGROUND

The petitioner, proceeding *pro se*, is a resident of Mt. Juliet, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee and Tony Parker, his former custodian at the West Tennessee State Penitentiary, seeking a writ of habeas corpus.

1

On March 30, 2000, the petitioner pled guilty in Wilson County to possessing marijuana with the intent to sell. For this crime, he received a sentence of one year in prison. Docket Entry No. 26; Exhibit No. 3; Addendum No. 1. On that same date, the petitioner pled guilty in Macon County to aggravated burglary and vandalism. For each of these crimes, he received a sentence of three years in prison. Docket Entry No. 26; Exhibit No. 3; Addendum No. 2. The sentences were run consecutively, giving the petitioner an aggregate sentence of seven years in prison. However, in lieu of prison time, he was placed on probation in a Community Corrections program. Docket Entry No. 26; Exhibit No. 3; Addendum No. 3.

A few months later, the petitioner was arrested and charged with failing a drug test, drinking and associating with a known felon in violation of the terms of his probation. Docket Entry No. 1 at pg. 14. Following a hearing where petitioner was represented by counsel, his placement in the Community Corrections program was revoked and he was transferred to the custody of the Tennessee Department of Correction for service of the remainder of his sentence. Docket Entry No. 26; Exhibit No. 3; Addendum No. 4.

The petitioner was later released on parole. While on parole, he was arrested and charged with child abuse and neglect. On April 10, 2003, the petitioner's parole was revoked and he was sent back to prison. He was ultimately convicted of child abuse and his sentence for that crime was run consecutive to his previous sentences. In July, 2007, the petitioner completed serving all his sentences and he was released from prison. Docket Entry No. 26; Exhibit No. 1.

## II. PROCEDURAL HISTORY

On July 27, 2006, prior to his release from custody, the petitioner initiated this action with the filing of a habeas corpus petition (Docket Entry No. 1). This is the third habeas corpus petition

2

filed by the petitioner in federal court.[1] The current petition sets forth seven claims for relief. These claims include :

>   (1) petitioner was falsely imprisoned when his placement in a Community Corrections program was revoked; Docket Entry No. 1 at pg. 14.
>
>   (2) the Wilson County drug conviction was invalid because the petitioner was entrapped and the indictment was defective; Docket Entry No. 1 at pg. 20.
>
>   (3) petitioner's guilty pleas to the Wilson and Macon County charges were involuntary because he was under duress (sick mother and pregnant wife) and was mentally incompetent to enter the pleas; Docket Entry No. 1 at pgs. 22, 60-66.
>
>   (4) the Wilson and Macon County sentences should not have been run consecutive to one another and were excessive because they included fines, restitution and the forfeiture of property; Docket Entry No. 1 at pgs. 25, 35.
>
>   (5) the Wilson County drug conviction was invalid because the trial judge was biased against him; Docket Entry No. 1 at pg. 30.
>
>   (6) petitioner was denied his right of access to the courts when state court personnel failed to properly process his state post-conviction petitions; Docket Entry No. 1 at pg. 39, and
>
>   (7) petitioner was denied the effective assistance of counsel when his attorney
>       a) coerced him to plead guilty in Wilson and Macon Counties,
>       b) failed to inform him about his right to appeal the convictions,

---

[1] The previous cases were <u>Hessmer v. Tennessee</u>, Civil Action No. 3:01-0312 (Trauger, J., presiding) and <u>Hessmer v. Tennessee, et al.</u>, Civil Action No. 3:02-0726 (Echols, J., presiding). Both cases were dismissed without prejudice.

> c) neglected to get the petitioner a higher insurance settlement in a civil matter, and
> d) failed to recover the petitioner's forfeited property. Docket Entry No. 1 at pg. 45.[2]

By an order (Docket Entry No. 12) entered July 13, 2007, the respondents were directed to file an answer, plead or otherwise respond to the petition. The respondents have answered with the filing of a Motion to Dismiss (Docket Entry No. 26), to which the petitioner has replied with an Objection to the Dismissal Motion (Docket Entry No. 27). Having reviewed the petition, the pleadings that are currently pending and the record as a whole, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

## III. ANALYSIS OF THE CLAIMS

**A.) Non-Cognizable Claims**

In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that the fact or duration of his incarceration was in some way constitutionally defective. 28 U.S.C. § 2254(a); Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

The petitioner alleges that his right of access to the courts was impeded by state court officials who failed to properly process his post-conviction petitions (Claim No. 6). Clearly, he does have a constitutionally protected right of access to the courts. Bounds v. Smith, 97 S.Ct. 1491 (1977). The alleged infringement of this right, however, has no relevance with respect to the underlying validity of the petitioner's incarceration. Thus, a federal writ of habeas corpus will not

---

[2] The petitioner retained Jack Lowery, Sr., a member of the Wilson County Bar, to represent him in both civil and criminal litigation.

4

issue when the petitioner is merely challenging the processing of his state post-conviction petitions. Kirby v. Dutton, 794 F.2d 245 (6th Cir. 1986).

The petitioner has also claimed that he was denied effective assistance when his attorney failed to obtain for him a higher insurance settlement in a civil matter (Claim No. 7c). A prisoner has a right to the effective assistance of counsel. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). This right, though, does not extend beyond the realm of a criminal prosecution into matters of a civil nature. As a consequence, this particular ineffective assistance claim is not cognizable in a habeas corpus proceeding.

**B.) Mootness of the Remaining Claims**

The record shows that the petitioner has been released from prison after fully serving his sentences. Docket Entry No. 26; Exhibit No. 1. In their Motion to Dismiss, the respondents argue that the petitioner's release has rendered his habeas corpus petition moot.

To obtain relief under 28 U.S.C. § 2254, the petitioner must be "in custody pursuant to the judgment of a State court...". 28 U.S.C. § 2254(a). Having fully served his sentences, it would appear that the petitioner can not now satisfy the case-or-controversy needed for any federal court to exercise its jurisdiction, thus rendering this action moot. Maleng v. Cook, 109 S.Ct. 1923, 124-125 (1989). However, at the time this action was filed, the petitioner was "in custody" as required by the statute. The Supreme Court has determined that an already expired sentence does carry with it continuing collateral consequences, creating the necessary case-or-controversy. Sibron v. New York, 88 S.Ct. 1889, 1896-1899 (1968). Accordingly, the subsequent release of a habeas petitioner from custody prior to the termination of his litigation does not render the petitioner's habeas corpus claims challenging an expired conviction or sentence moot. Spencer v. Kemna, 118 S.Ct. 978, 983

5

(1998). As a result, those claims set forth in the petition attacking the petitioner's already expired convictions (Claim Nos. 2-5, 7a, b and d) are not subject to dismissal for mootness.

The petitioner's first claim, i.e., false imprisonment arising from the revocation of his placement in a Community Corrections program, is not a challenge to the imposition of an already expired conviction and sentence. Rather, such a claim attacks the manner in which the petitioner was forced to serve his sentences. This distinction is relevant because the petitioner's revocation of probation claim does not present the type of collateral consequences that attach to an already expired conviction or sentence. Lane v. Williams, 102 S.Ct. 1322, 1327 (1982). Without these collateral consequences, a case-or-controversy needed for the exercise of federal judicial power does not exist. For that reason, the Supreme Court has held that claims such as the petitioner's revocation issue become moot after a habeas petitioner has been released from custody. Spencer, supra. This claim, therefore, is moot and should be dismissed.

**C.) Procedural Default**

The respondents assert in the alternative that those claims not failing for mootness should be dismissed in any event because the petitioner has exhausted his state court remedies for them by way of an unexcused procedural default. A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's remaining claims

6

must have been fairly presented to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once the petitioner's federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).[3]

There was no direct appeal of the convictions taken by the petitioner. The petitioner did, however, file a state post-conviction petition that was dismissed as untimely. Docket Entry No. 3; Addendum No. 3 at pg. 17. He also filed a state habeas corpus petition that was dismissed summarily for failure to state a claim. Hessmer v. Tennessee, 2005 WL 3262930 (6th Cir.; 12/2/05). Consequently, it is clear from the record that the petitioner's remaining claims (Claim Nos. 2-5, 7 a-b, and d) were never fully and properly exhausted in the state courts. Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a). As a consequence, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to his remaining claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review).

Nevertheless, to prevent a habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional claims forfeits the right to have those claims reviewed in a habeas corpus proceeding, absent a showing of cause for non-compliance and some showing of prejudice arising from the alleged constitutional

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

7

violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

The petitioner alleges that his attorney was ineffective for neglecting to inform him about his right to appeal (Claim No. 7b). Ineffective assistance of counsel can constitute the cause needed to excuse a procedural default. Manning v. Hoffman, 269 F.3d 720, 723-724 (6th Cir. 2001). But to satisfy the cause requirement, the question of ineffective assistance must itself be exhausted in the state courts. Richey v. Mitchell, 395 F.3d 660, 679 (6th Cir. 2005). There has been no showing made that this particular ineffective assistance claim has already been fully exhausted in the state courts. Nor has the petitioner made any showing of prejudice arising from the procedural default of his claims.

Despite these deficiencies, though, a petitioner's procedural default may be excused when a review of his claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray v. Carrier, 106 S.Ct. 2639, 2649 (1986). The petitioner pled guilty to the charges against him. There is no support in the record for a showing of actual innocence. Accordingly, the petitioner has forfeited his right to federal review of his remaining claims (Claim Nos. 2-5, 7 a-b, and d) because of his unexcused procedural default.

# R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned respectfully RECOMMENDS that the respondent's Motion to Dismiss (Docket Entry No. 26) be GRANTED and that this action should

8

Case 3:06-cv-00733  Document 32  Filed 01/08/08  Page 8 of 9 PageID #: 433

be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 106 S.Ct. 466 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

                                              Joe B. Brown
                                              United States Magistrate Judge