UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER )<br>   Petitioner, )<br>         )<br>v.         )<br>         )<br>STATE OF TENNESSEE, in re )<br>WARDEN TONY PARKER, )<br>         )<br>   Respondent. ) | Case No. 3:06-0733<br>Judge Echols |

## MEMORANDUM

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 32) which recommends that the Court grant Respondent's Motion to Dismiss (Docket Entry No. 26) and dismiss Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) brought pursuant to 28 U.S.C. § 2254. Petitioner has filed Objections to the R & R (Docket Entry No. 35).[1]

Upon review of an R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). See, Fed.R.Civ.P. 72(b). Having conducted this *de novo* review, the Court finds the Magistrate Judge correctly concluded that this Section 2254 action should be dismissed.

---

[1]The Objections do not appear to be timely because they were filed on February 4, 2008 and the R & R was issued on January 8, 2008. However, the Court considers the merits of the Objections because Petitioner was informed in the R & R that he had ten days after the receipt of the R & R to file objections and the record does not indicate when Petitioner received the R & R.

1

## I. DISCUSSION

Petitioner was formerly an inmate in the Tennessee Department of Corrections. While incarcerated, he filed three separate Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2254, the first two of which were dismissed without prejudice and the third of which is the subject of the R & R. The events leading to Petitioner's filing of his Petitions for Writ of Habeas Corpus are set forth in the R & R and are briefly summarized to place Petitioner's Objections in context.

On March 30, 2000, Petitioner pled guilty in Wilson County and Macon County to three crimes and was given an aggregate sentence of seven years in prison. However, in lieu of actual incarceration, Petitioner was placed on probation in a Community Corrections program. Shortly thereafter, Petitioner's placement in the Community Corrections program was revoked and he was transferred to the custody of the Tennessee Department of Corrections after he was arrested and charged with failing a drug test, drinking, and associating with a known felon in violation of the terms of his probation. Petitioner was released on parole, but his parole was revoked and he was sent back to prison on April 10, 2003, after he was arrested and charged with child abuse and neglect. In July 2007, Petitioner completed serving all of his sentences and was released from prison.

While he was still in custody, Petitioner filed his present Petition. The Petition is seventy-two pages long and wholly fails to comply with Habeas Corpus Rule 2 by specifying the grounds for relief and the facts supporting each ground. Nevertheless, the Magistrate Judge reviewed the Petition and identified seven claims, including (1) false imprisonment because of the revocation of placement in the Community Corrections program; (2) invalid conviction for the Wilson County drug offense because of entrapment and a defective indictment; (3) involuntary guilty pleas to the Wilson and Macon County charges because of duress and mental illness; (4) improper sentencing in the Wilson County and Macon County cases because the sentences imposed were consecutive and excessive;

2

(5) invalid conviction in the Wilson County case because of alleged bias by the judge; (6) denial of access to court because state court personnel failed to properly process state post-conviction petitions; and (7) ineffective assistance of counsel because counsel coerced Petitioner to plead guilty and failed to apprise him of his appeal rights in the Wilson and Mason County cases, and because counsel failed to recover Petitioner's forfeited property and failed to obtain a higher settlement in a civil matter.

The Magistrate Judge concluded the alleged failure of state court personnel to process Petitioner's post-conviction petitions has no relevance to the underlying validity of his incarceration and thus is not a cognizable claim under 28 U.S.C. § 2254, nor is the claim that counsel was ineffective in failing to secure a higher settlement in a civil case. The Magistrate Judge also found that while a petitioner need not be "in custody" to pursue most habeas claims because of the potential for collateral consequences, Petitioner's claim for false imprisonment fails because the revocation of his participation in a Community Corrections program related to the manner of how his sentence was served and therefore became moot upon Petitioner's release from custody. Finally, the Magistrate Judge concluded that Petitioner had procedurally defaulted on the remainder of his claims because he did not timely present his federal claims to the state courts and cannot show a fundamental miscarriage of justice in relation to those claims.

Petitioners' Objections span eight single-spaced pages and are not in the form required by this Court's Local Rules because they fail to state with particularity the specific portion of the R&R to which objection is made. L.R.M.J. 9(b). Petitioner makes assorted allegations and claims and has taken a shotgun approach in his Objections, making it exceedingly difficult for the Court to distill the essence of his precise objections. Nevertheless, the Court has reviewed Petitioner's Objections and the entire record and concludes that the Magistrate Judge was correct in his conclusions that dismissal

3

of the Petition for Writ of Habeas Corpus is warranted for the reasons set forth by the Magistrate Judge.

In his Objections, Petitioner repeatedly states that the Magistrate Judge did not review the entire record in arriving at his conclusions. For example, Petitioner claims the Magistrate Judge could not have reviewed the entire record because some records from the state court proceedings were not filed in this court and those records would have shown that the state court imposed a forfeiture in excess of that allowed by statute, that there was "obvious computer fraud" relating to the reasons for his removal from the Community Corrections program, and that the state court issued an order relating to the timeliness of his claims before the time for filing such claims had expired. (Docket Entry No. 35 at 1 & 2).

In the R & R, the Magistrate Judge states that he "reviewed the[] pleadings and record in this case" and based upon that review recommends dismissal. (Docket Entry No. 32). Petitioner has presented nothing from which this Court could conclude that the Magistrate Judge did not in fact review the entire record in this case. Indeed, in order to discern Petitioner's claims in his 72-page Petition, it is evident that the Magistrate Judge scoured the Petition. Insofar as Petitioner's objection relates to failure to review state court filings which were not included in the record in this case, it is obvious that the record in this case supports the Magistrate Judge's conclusions relating to mootness, justiciability of the claims presented, and the question of procedural default. Arguments about whether the agreed forfeiture for the aggravated burglary conviction was higher than that allowed by state law, or whether Petitioner's urinalysis results were doctored, or whether the state court miscalculated the date upon which Petitioner should have filed his post-conviction petition say nothing about whether those claims are cognizable or whether those claims are procedurally barred because they were not presented to the state court.

4

Petitioner also faults the Magistrate Judge for not conducting an evidentiary hearing and for not appointing counsel prior to recommending dismissal. However, a movant is not entitled to an evidentiary hearing if the 2254 motion and the record of the case conclusively show that he is not entitled to relief. See Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995). Further, Petitioner has no absolute right to be represented by counsel on habeas corpus review, see, Adur-Rahman v. Michigan Dept. of Corr., 65 F.3d 489, 492 (6th Cir. 1995), and the decision to appoint counsel in such cases rests within the sound discretion of the court, see, Miller v. Palmer, 2007 WL 441478 at *1 (E.D. Mich. 2008).

Petitioner also claims the Magistrate Judge neglected evidence which shows that his urinalysis tests were doctored and that he was sent back to prison even though he had "proved his innocence." The record reflects that Carol Clemmons ("Clemmons"), who apparently was Petitioner's probation officer, signed a sworn petition on June 12, 2000 before the Wilson Circuit Judge requesting that Petitioner's assignment to the Community Corrections program be revoked because Petitioner had used intoxicants, associated with "persons of ill repute," and not maintained full-time employment. The record also contains affidavits from two individuals, one of whom claims he was in the Community Corrections office when Petitioner complained of the "green hue" in his urine, and another who claims he heard an argument about the hue of Petitioner's urinalysis and was later told by Clemmons that "she violated John Allen Hessmer" for tampering with his urinalysis. (Docket Entry No. 3 at 36-39). Obviously, these affidavits do not absolve Petitioner but instead go to the weight to be accorded the evidence relating to the propriety of revoking Petitioner's placement in the Community Corrections program. In habeas proceedings, a state court's factual findings are presumed correct unless proven to the contrary by clear and convincing evidence, 28 U.S.C. § 2254(e)(1), and Petitioner has not presented such evidence. In any event, the Magistrate Judge found

5

that since Petitioner had been released from custody, his claim relating to the revocation of his placement in Community Corrections was moot because it related to the manner in which Petitioner was required to serve his sentence.

Relatedly, Petitioner claims that by deeming "this case moot," the Magistrate Judge "should be praised for accomplishing what the United States Supreme Court has already determined to be an impossibility[.]" (Docket Entry No. 35 at 7). Contrary to Petitioner's assertion, the Magistrate Judge did not deem the entire case moot. Instead, the Magistrate Judge correctly determined that the claim relating to removal from the Community Corrections program was moot. See, U.S. v. Katuramu, 174 Fed. Appx. 272, 281 (6th Cir. 2006)(citation omitted)("Although recognizing that collateral consequences are now often assumed for those challenging the underlying conviction itself, the Supreme Court has declined to extend this assumption into other contexts, such as when a released prisoner challenges the revocation of his parole, and has instead required petitioners to demonstrate a concrete injury in fact.").

As indicated, Petitioner's precise objections are difficult to decipher. Nevertheless, the Court has carefully considered Petitioner's "Objections to Magistrate's Recommendation," along with the record as a whole, and finds no basis for concluding the Magistrate Judge erred in recommending dismissal of Petitioner's Petition for Writ of Habeas Corpus.

Prior to closing, the Court addresses one more matter. In his Objections, Petitioner writes:

> Frankly & honestly Honorable Echols, you've not been fair or impartial in the proceedings, it is heartfelt that your association with former counsel and trial court influences you from coming to a just conclusion, and you should recuse yourself after denying the Magistrate's recommendation and remand this case before a fair and impartial judge, like Alita [sic] A. Trauger, who does not seem to be under the influence of former counsel & trial court.

(Docket Entry No. 35 at 8).

6

Petitioner's unsupported and unwarranted attack on the fairness and impartiality of the undersigned is without merit and requires no discussion other than to say that there is no basis for recusal in this case. The governing law is the only thing influencing this Court's conclusion and that law indicates dismissal of this case is warranted.

## II. CONCLUSION

On the basis of the foregoing, the R & R (Docket Entry No. 32) will be accepted and approved and Petitioner's Objections thereto (Docket Entry No. 35) will be overruled. Respondent's Motion to Dismiss (Docket Entry No. 26) will be granted and this case will be dismissed with prejudice. No certificate of appealability will be issued because Petitioner cannot demonstrate that reasonable jurists would find debatable or wrong the Court's conclusions that (1) Petitioner's claims of access to the court in relation to the processing of his post-conviction proceeding and ineffective assistance of counsel in a civil matter are not cognizable in a proceeding under 28 U.S.C. § 2254; (2) Petitioner's claim of false imprisonment arising from the revocation of his placement in a Community Corrections program is moot; and (3) Petitioner's remaining claims have been procedurally defaulted. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE